KLIEBERT, Judge.
The plaintiff, Colonial Mortgage Company, held the promissory note of Mr. and Mrs. George Bode, secured by conventional mortgage and vendor’s lien on two lots of ground with improvements situated in Ken-ner, Louisiana. Following the crash on July 9, 1982 of a Pan American airplane and the declaration by executive order of a local disaster, the state national guard at the request of the City of Kenner, cleared and removed the plane damaged house residue on the lots securing plaintiff’s mortgage. Thereafter, the Bodes ceased making payments on the note and Colonial, without first exercising its right under the vendor’s lien and/or mortgage, filed suit against the City of Kenner and the State of Louisiana claiming as compensation the balance due on the mortgage. The suit alleged that the removal of the improvements from the lots deprived Colonial of its security rights and therefore constituted an unlawful taking of Colonial’s property, entitling it to recover the balance due on the loan pursuant to the compensation provision of the Louisiana Disaster Act, namely, R.S. 29:701 et seq.
The city and state filed an exception of no right and cause of action grounded in the contention (1) plaintiff’s loss, if any, was caused by the crash of the Pan Ameri *816 can airplane and (2) plaintiff did not have the necessary ownership right in the property to assert the claim granted by La.R.S. 29:701. The trial court dismissed the plaintiff’s suit on the exceptions. For the reasons which follow, we affirm the judgment of the trial court.
R.S. 29:710 C and D provide in pertinent part as follows:
C. Compensation for property shall be only if the property was commandeered or otherwise used in coping with a disaster emergency and its use or destruction was ordered by the governor or a member of the disaster emergency forces of this state.
D. Any person claiming compensation for the use, damages, loss, or destruction of property under this Act shall file a claim therefor with the authority which ordered the use or caused the loss or destruction of said property.
E. Unless the amount of compensation on account of property damaged, lost, or destroyed is agreed between the claimant and the authority which ordered the use or caused the damage, the amount of compensation shall be calculated in the same manner as compensation due for a taking of property pursuant to the condemnation laws of this state.
F. Nothing in this Section applies to, or authorizes compensation for, the destruction or damaging of standing timber or other property in order to provide a fire break, or to the release of waters or the breach of impoundments in order to reduce pressure or other danger from actual or threatened flood.
Added by Acts 1974, No. 636, § 1.
Under Part C of the above quoted, for compensation to apply the property must have been “commandeered or otherwise used in coping with a disaster emergency and its use or destruction ... ordered by the governor or a member of the disaster emergency forces of this state.”
The plaintiff argues a right and cause to assert the property owner’s right to compensation but its petition alleges a right and cause in itself to claim compensation for the loss of its own property, i.e., a preferential right to obtain satisfaction for its debt from the sale of the property.
Although R.S. 29:710 does create for the owner of the property meeting the requirements of the statute a right and cause of action for compensation for loss or damages to the property commandeered, used, destroyed or damaged, and the holder of the security right may, after acquisition of the owner’s right by exercise of its security rights, assert the owner’s cause, the statute does not provide for a separate cause of action by the holder of the mortgage for the loss of its security right.
Accordingly, we affirm the trial judge’s action in maintaining the exception of no right or cause of action. All costs are to be borne by the appellant.
AFFIRMED.